Filed 1/4/22  P. v. Alcarez CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ERNESTO ALCAREZ,<br><br>        Defendant and Appellant. | B311682<br><br>(Los Angeles County<br> Super. Ct. No. NA072796) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Steven A. Marcus, Judge.  Reversed and remanded, with directions.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Ernesto Alcarez appeals from a postjudgment order partially denying his petition for resentencing under Penal Code section 1170.95[1] as to his attempted murder convictions. Defendant contends, the People concede, and we agree the trial court's order partially denying defendant's petition should be reversed for the court to consider the petition in light of the recent amendment to section 1170.95 enacted by Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2), signed by the Governor on October 5, 2021, effective January 1, 2022. We therefore reverse the order as to the attempted murder convictions and remand for the trial court to consider defendant's petition as to his attempted murder convictions under the recent amendment to section 1170.95.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 15, 2006, defendant acted as a lookout for a fellow gang member who shot multiple rounds at a group of African American men, women and children that was socializing in front of a residence in a Hispanic gang's territory.

A jury convicted defendant as an aider and abettor of second degree murder and seven counts of attempted murder (§§ 664/187, subd. (a)) under the natural and probable consequences doctrine. As to all counts, the jury found true the alleged firearm enhancements (§ 12022.53, subds. (b), (c), (d), and (e)) and a gang enhancement

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

(§ 186.22, subd. (b)(1)(C)). The jury found that none of the attempted murders were willful, deliberate, and premeditated, but found that these offenses were hate crimes and that defendant committed them voluntarily and in concert with another and others (§ 422.75, subd. (b)). Defendant was sentenced to a total of 238 years, four months to life in state prison. After defendant appealed, we remanded for resentencing issues, but otherwise affirmed his conviction. (*People v. Alcarez* (Jan. 8, 2014, B242197) [nonpub. opn.].)[2]

In 2018, the Legislature passed, and the Governor approved, Senate Bill No. 1437 (2017-2018 Reg. Sess.), which came into effect January 1, 2019. (Stats. 2018, ch. 1015, § 4.) Section 1170.95 was enacted as part of the legislative changes effected by Senate Bill No. 1437. The statute provides a procedural mechanism for defendants convicted of murder on a felony murder theory or under the natural and probable consequences doctrine to seek resentencing.

On January 7, 2019, defendant filed a petition for resentencing pursuant to section 1170.95. In his petition, defendant argued that he was entitled to relief because he was convicted of one count of second degree murder and seven counts of attempted murder as an aider and abettor under the natural and probable consequences doctrine.

The trial court found defendant established a prima facie case as to his second degree murder conviction, issued an order to show cause as to that conviction, and set a hearing. The court then found section 1170.95 did not apply to defendant's attempted murder convictions. At

---

[2] On September 2, 2021, we granted defendant's request to take judicial notice of the record in his prior appeal, case No. B242197.

the evidentiary hearing, the trial court granted the petition as to defendant's second degree murder conviction but denied the petition as to the attempted murder convictions. The court again found that section 1170.95 does not apply to attempted murder. Defendant filed a timely notice of appeal.

On October 5, 2021, while defendant's appeal was pending, the Governor signed into law Senate Bill No. 775 (2020-2021 Reg. Sess.). Effective January 1, 2022, Senate Bill No. 775 amends section 1170.95. Defendant subsequently filed his reply brief, arguing he is entitled resentencing on the attempted murder convictions pursuant to Senate Bill No. 775. Because the People did not have the benefit of addressing this recent legislation, we asked the People to file a letter brief on Senate Bill No. 775's effect, if any, on the pending appeal. The People submitted a letter brief, which we have reviewed.

## DISCUSSION

Defendant seeks resentencing relief as to his attempted murder convictions. Based on the passage of Senate Bill No. 775, we reverse and remand with instructions.

Senate Bill No. 775 was signed into law on October 5, 2021, and expands the petition process under section 1170.95 to include individuals convicted of "attempted murder under the natural and probable consequences doctrine." (Legis. Counsel's Digest, Sen. Bill No. 775 (2021-2022 Reg. Sess.).) Senate Bill No. 775 was passed as nonurgency legislation during the regular session and became effective on January 1, 2022. (Cal. Const., art. IV, § 8, subd. (c)(1); see also

4

*People v. Camba* (1996) 50 Cal.App.4th 857, 862.)  The People concede that under the amended section 1170.95, defendant may be able to establish a prima facie showing of eligibility as to the attempted murder convictions.  Because defendant's postjudgment order will not become final until after Senate Bill No. 775 goes into effect, we remand the matter to the trial court for further proceedings.  (See *People v. Garcia* (2018) 28 Cal.App.5th 961, 973; *People v. Vieira* (2005) 35 Cal.4th 264, 305.)

## DISPOSITION

The postjudgment order partially denying the section 1170.95 petition is reversed and the matter is remanded to the trial court to hold further proceedings in accordance with section 1170.95, subdivision (c).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, Acting P. J.

We concur:

CURREY, J.

MICON, J.*

*Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.